# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

LAURA L. WEATHERLY,        )
        )
        Plaintiff,        )
        )
        v.        )   Case No.  12-516-CV-W-DPR-SSA
        )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social Security,[1]        )
        )
        Defendant.        )
        )

## MEMORANDUM AND ORDER

After remand to the Commissioner from this Court in an April 14, 2011, order issued by Chief United States District Judge Fernando J. Gaitan, Jr., an Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Laura L. Weatherly in a decision dated February 3, 2012 (Tr. 545-556). The ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits on remand. *See* 20 C.F.R. § 416.1484. Weatherly appealed. For the reasons set forth below, the decision of the Commissioner of Social Security is **REVERSED and REMANDED** for additional evaluation consistent with this opinion.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

"'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"
*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

Plaintiff argues that the ALJ erred in assessing the claimant's Residual Functional Capacity (RFC) (Doc. 11). The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and agrees with Plaintiff that the ALJ's failure to obtain and consider medical opinions regarding her ability to function in the workplace in assessing Plaintiff's RFC was reversible error.

Generally, the claimant is responsible for providing the evidence the agency will use in determining an individual's RFC. The agency, however, is tasked with developing a

claimant's complete medical history and arranging for consultative examinations if necessary. 20 C.F.R. § 404.1545. Indeed, it is the duty of an ALJ to "fully and fairly" develop the record. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citing *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). Moreover, an individual's RFC is a "medical question" that must be supported by some evidence from a medical professional. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). To properly assess a claimant's RFC, the ALJ "should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell*, 259 F.3d at 712.

Claimant Weatherly alleged disability due to bipolar disorder and obesity. Although the nearly 800-page record contains many treatment notes and mental-health evaluations, it contains no physical functional evaluations, and only one mental functional evaluation: the Psychiatric Review Technique completed by Keith L. Allen, Ph.D., a non-examining psychologist who merely reviewed the claimant's medical records (Tr. 385-96). Dr. Allen concluded that Weatherly suffered from unspecified non-severe medical impairments, and from bipolar disorder and a substance addiction disorder, in remission. Regarding her level of functioning, Dr. Allen determined that Weatherly was not functionally impaired in her activities of daily living, in maintaining social functioning, or in maintaining concentration, persistence, or pace, but she had experienced one or two episodes of decompensation of extended duration. The ALJ gave little weight to Dr. Allen's opinion, finding instead that Weatherly was mildly restricted in the activities of daily living, moderately restricted in social functioning, and moderately restricted in maintaining concentration, persistence, or pace. Contrary to Dr. Allen's view, the ALJ found that Weatherly had experienced no episodes of

decompensation.

Despite the absence of a physical evaluation and the ALJ's rejection of the one mental evaluation, the ALJ found that Weatherly had the physical RFC to perform a limited range of light work, but due to her mental limitations in social functioning, specifically precluded work in which public interaction is a primary job component, and due to her limitations in concentration, persistence, or pace, specifically precluded skilled or semi-skilled work activity.

An RFC calculation *must* be supported by some medical evidence. The record contains no medical opinions regarding the claimant's *physical* limitations. The ALJ was under a duty to fully develop the record so it contained the opinions necessary to properly determine the claimant's physical RFC. Regarding Weatherly's mental RFC, The ALJ could have sought the opinion of one of the claimant's treating mental health professionals, or could have ordered an examination and functional assessment by a consulting psychologist. It was error for him to determine both the claimant's physical and mental RFCs without supporting medical opinions. Thus, the Court remands the case to the Commissioner for expansion of the record to include the opinion(s) of medical sources as to Plaintiff's ability to perform in the workplace, and for subsequent recalculation of both Plaintiff's mental and physical RFC.

CONCLUSION

Based upon a thorough review of the record, the Court finds the ALJ's RFC calculations are not supported by substantial evidence on the record as a whole. **IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for further development of the record and reassessment of the claimant's RFC.

**IT IS SO ORDERED.**

**DATED:  July 22, 2013**

  /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**